IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVON N. LEE, | : |
| Plaintiff | : CIVIL ACTION NO. 3:CV-14-2067 |
| v. | : (Judge Nealon) |
| FRANKLIN COUNTY JAIL, et al., | : |
| Defendants | : |

| | |
|---|---|
| DONOVON N. LEE, | : |
| Plaintiff | : CIVIL ACTION NO. 3:CV-14-2130 |
| v. | : (Judge Nealon) |
| PRIME CARE MEDICAL, et al., | : |
| Defendants | : |

**MEMORANDUM**

FILED
SCRANTON
NOV 13 2014
PER _____
DEPUTY CLERK

**Background**

Plaintiff Donovon N. Lee, an inmate confined at the Franklin County Prison, Chambersburg, Pennsylvania, filed the above-captioned pro se civil rights complaints pursuant to 42 U.S.C. § 1983. He did not submit the filing fee, or motions to proceed in forma pauperis and authorization forms in either action. The named Defendants in both complaints are the Franklin County Jail and Prime Care Medical. For the

reasons that follow, the cases will be consolidated pursuant to Federal Rule of Civil Procedure 42(a), and the consolidated matter will proceed under <u>Lee v. Franklin County Jail, et al.</u>, Civil Action No. 3:CV-14-2067, which was the initially filed complaint.

Plaintiff filed Civil Action No. 3:CV-14-2067 on October 27, 2014, alleging inadequate medical care by Defendants Franklin County Jail and Prime Care Medical for a hand injury he sustained on October 7, 2014. He seeks injunctive and compensatory relief.

On November 6, 2014, Plaintiff filed a second action, <u>Lee v. Prime Care Medical, et al.</u>, Civil Action No. 3:CV-14-2130, setting forth additional claims of inadequate medical care against Defendants Franklin County Prison and Prime Care Medical. He claims that sick call requests he submitted on October 15, 18, and 21, 2014 for various medical complaints have been ignored. Plaintiff did not pay the required filing fee, or submit a request to proceed <u>in forma pauperis</u> and authorization form in this action. He seeks injunctive and compensatory relief.

**Discussion**

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> (a) **Consolidation.** If actions before the court involve a common question of law or fact, the court may:

      (1)    join for hearing or trial any or all matters at issue;
      (2)    consolidate the actions; or
      (3)    issue any other orders to avoid necessary costs or delay.

FED. R. CIV. P. 42(a).

There are similar allegations and facts set forth in each of the above described civil rights complaints. Each complaint names the same Defendants and maintains that Plaintiff was denied adequate medical care at the Franklin County Prison during October of 2014.

Consequently, because the actions contain common factors of law and fact, the two complaints will be consolidated pursuant to Rule 42(a) and will proceed with the consolidated matter under Plaintiff's initially filed action, Civil Action No. 14-2067. When Plaintiff has either submitted the filing fee or the appropriate forms to proceed <u>in forma pauperis</u> in that matter, the Court will then conduct an initial screening of the consolidated complaint.

A separate Order will be issued.

Dated: November 12, 2014

                                                      **United States District Judge**